IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN A. WHITNEY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR MEDICAL TREATMENT<br><br>Case No. 4:20-cr-00116-DN-PK-2<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant Brian A. Whitney's Motion for Medical Treatment for Eye Surgery Before Federal Prison Placement.[1] Defendant requests that the Court order the United States Marshal Service ("USMS") to approve Defendant for cataract surgery before he is placed in a federal prison facility. For the reasons discussed below, the Court DENIES the motion.

As a general rule, federal prisoners can only challenge their conditions of confinement, such as a delay in medical treatment, in a civil lawsuit pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*.[2] The primary exception to the general rule requiring defendants to file a separate civil action to challenge confinement conditions

---

[1] Docket No. 116, filed April 18, 2023.

[2] 403 U.S. 388 (1971); *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the conditions of his confinement must do so through a civil rights action."); *Merryfield v. Kansas*, No. 09-3140-RDR, 2009 WL 3125470, at *4, n.10 (D. Kan. Sept. 25, 2009) (same).

1

applies when confinement conditions interfere with a pretrial detainee's access to counsel.[3] This Court is aware of only three additional instances where federal courts have granted relief to a defendant who filed a motion in their criminal case complaining of conditions of confinement unrelated to the right to counsel.[4]

Here, Defendant is awaiting sentencing in the Iron County Jail. He requests that this Court order the USMS to approve his recommended cataract surgery before he is placed in BOP custody—a challenge to the condition of his confinement. As a result, Defendant should have raised his claims in a separate civil rights action unless he can show that the conditions of his confinement either (1) posed a risk of causing permanent damage to Defendant absent immediate treatment, (2) interfered with his access to counsel, or (3) impeded his ability to assist in his defense.

In his motion, Defendant provides no authority for this Court to order the USMS to provide immediate treatment. While Defendant voices some concern for his physical safety in BOP custody without this cataract surgery, he has apparently fared well in the Iron County Jail thus far

---

[3] *United States v. Loera*, No. CR 13-1876 JB, 2017 WL 3098257, at *28 (D.N.M. June 22, 2017) (citing *United States v. Wade*, No. 3:07-CR-00111-RRB-JDR, 2009 WL 3837151, at *1 (D. Alaska Nov. 13, 2009)).

[4] *United States v. Daprano*, No. CR 04-2040 JB/KBM, Order at 1–2, filed August 24, 2007 (Doc. 166) (finding that an inmate's complaint of confinement conditions needed to be addressed in the criminal case because the inmate's health condition deteriorated to the point where he would suffer permanent damage absent immediate treatment); *United States v. Williams*, No. 3:09-0090, 2009 WL 4824940, at *1 (M.D. Tenn. Oct. 26, 2009) (finding defendant's complaint regarding confinement conditions needed to be addressed quickly so as not to impede his ability to assist in his defense); *United States v. Ramirez-Robles*, No. CR.A. 06CR00485MSK, 2007 WL 2021852, at *2 (D. Colo. July 11, 2007) (the court ordered a medical evaluation rather than provision of particular medical treatment pursuant to the Court's authority to review detention under 18 U.S.C. § 3142(g)).

despite his eye problems. Defendant has not indicated he will suffer "permanent damage absent immediate treatment" like the defendant alleged in *United States v. Daprano*. Additionally, Defendant offers no evidence that his eye condition hinders his ability to communicate with counsel or aid in his defense. None of the health concerns raised by Defendant rise to a level so egregious that Defendant should be exempt from the general rule requiring he address his complaints in a separate civil action.

Because Defendant's motion for medical treatment constitutes a challenge to the conditions of his confinement; because he raised the complaints in his federal criminal case instead of a separate civil rights lawsuit; and because he has failed to produce (or cannot produce) evidence that an exception to the general rule applies, the Court DENIES the motion (Docket No. 116).

SO ORDERED this 20th day of April, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge